## PROVIDENCE COUNTY

HENRY A. GARRETT *vs.* ISAAC SHOVE *et al.*

An appeal bond was filed without the name of any obligee being inserted in the obligatory portion.

*Held,* that the appeal bond and the appeal were both void.

EXCEPTIONS to the Court of Common Pleas.

*May* 25, 1887. PER CURIAM. This is an action of trespass for false imprisonment against Isaac Shove and Edward W. Blodgett. In 1855 Shove was the justice, and Blodgett the clerk, of the Justice Court of Pawtucket. In July of that year, one W. H. Conway began an action of *assumpsit* in said court against Henry A. Garrett the plaintiff in this case, for the sum of $6.90, and on August 11th following, judgment was rendered in said court for Conway for $6.90 debt and $3.15 costs. Garrett claimed an appeal, and on August 17th, which was Monday, filed in said court a paper purporting to be an appeal bond. The paper is signed by Garrett, but names no obligee in what was intended for the obligatory part, though the condition, which is also partly defective, is otherwise in form a proper condition for an appeal bond in such a case. On August 18, 1885, said Justice Court issued execution in said case against said Garrett, on which he was arrested. This arrest is the ground of the present action. The case comes before us on exceptions from the Court of Common Pleas, in which court the plaintiff was nonsuited for the reason, among others, that the appeal bond was void, and consequently no appeal was taken, and, if no appeal was taken, execution was rightly issued.

We are of the opinion that the nonsuit was proper. It is of the essence of a bond to have an obligee as well as an obligor. *Phelps v. Call*, 7 Ired. 262, 264. There is no obligee in this bond, unless the court can, by construction, fill the blanks in the obligatory part. There is no description nor designation in the obligatory part which enables us to do this. It is only by reference to the condition that we can form a conjecture even as to who could be the proper obligee. We know of no principle which would authorize us to insert the name of such obligee when the obligor himself has omitted it. To do so would be to make a bond for the obligor which he has not made for himself. The bond as signed obligates the obligor to nobody, either by name or description or any other designation.

Exceptions overruled, and judgment of the Court of Common Pleas affirmed, with costs.

*Charles F. Ashton, Edward D. Bassett,* and *Frederic Hayes,* for plaintiff.

*W. W. Blodgett & John P. Gregory,* for defendant.